UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CECIL PEOPLES,

        Petitioner,               CASE NO. 04-CV-74643

v.                                PAUL D. BORMAN
                                   UNITED STATES DISTRICT JUDGE
KURT JONES,

        Respondent.
_____/

**OPINION AND ORDER
(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS;
AND (2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

      Petitioner Cecil Peoples has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is presently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, challenges his conviction for conspiracy to deliver between 225 and 650 grams of cocaine. For the reasons set forth below, the Court denies the petition.

**I.    BACKGROUND**

      Petitioner was implicated in a drug trafficking operation when his cousin, Lavinia Peoples, was pulled over for speeding and, then arrested for operating a motor vehicle without a license, in Oakland County, on August 23, 1991. Officer David Chase of the Auburn Hills Police Department testified that, incident to that arrest, he searched Lavinia Peoples' vehicle and discovered two bags containing a substance that appeared to be cocaine. At trial, the parties stipulated to the admission of Michigan State Police lab reports indicating that one bag contained 241.22 grams of a substance testing positive for cocaine, and the other 260.35 grams.

      Lavinia Peoples subsequently implicated Petitioner, James Meredith, Angela Barnes,

Walter Gilbert Moore III, in a narcotics operation.[1] The prosecution's theory was that Lavinia Peoples was a drug courier for her cousin, Petitioner, who was a cocaine dealer in Saginaw, Michigan. James Meredith and Angela Barnes worked for Petitioner; and Moore, and Shannon Smoot supplied the cocaine to Petitioner from various locations in the City of Detroit.

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of conspiracy to deliver between 225 and 650 grams of cocaine. On January 12, 2000, Petitioner was sentenced to twenty to thirty years imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

> I. The defendant was denied a fair trial and right of confrontation when the trial court allowed a police officer to make an in-court identification of the defendant based on hearsay.
>
> II. The defendant was denied a fair trial when an unindicted co-conspirator asserted her Fifth Amendment privilege in the presence of the jury.
>
> III. The defendant was denied his right of confrontation as guaranteed by the constitutions of the United States and of Michigan when the trial court permitted the preliminary examination transcript(s) of Dwayne Moten and Lavinia Peoples to be read to the jury after the witness was deemed unavailable (and the trial court should have permitted redaction as requested by trial counsel).
>
> IV. The defendant was denied a fair trial when the trial court refused to permit defense counsel to introduce the grand jury transcript(s) of two "unavailable" witnesses.
>
> V. The defendant is entitled to resentencing because no guidelines were scored.

The Michigan Court of Appeals affirmed the conviction. *People v. Peoples*, No. 234544, 2003 WL 21079823 (Mich. Ct. App. May 13, 2003). Petitioner filed an application for leave to

---

[1] Walter Gilbert Moore III and James Meredith were tried before a shared jury. Petitioner and Angela Barnes were each tried separately.

2

appeal in the Michigan Supreme Court, raising the first four claims raised before the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Peoples*, 469 Mich. 971 (2003).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claims:

> I. The trial court violated the Sixth Amendment confrontation clause by admitting, over objection, the preliminary examination transcripts of non-testifying co-defendants Lavinia Peoples and Dwayne Moten.
>
> II. The defendant was denied a fair trial and right of confrontation when the trial court allowed a police officer to make an in-court identification of the defendant based on hearsay.

## II. ANALYSIS

### A. Standard

Title 28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable

application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1);[2] *see Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .

---

[2]   28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

4

> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409-11.

### B.   Admission of Preliminary Examination Testimony

Petitioner argues that his right of confrontation was violated when the trial court admitted the preliminary examination testimony of Lavinia Peoples and Dwayne Moten.

The Confrontation Clause of the Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. "The Sixth Amendment's right of an accused to confront the witnesses against him is . . . a fundamental right and is made obligatory on the States by the Fourteenth Amendment." *Pointer v. Texas*, 380 U.S. 400, 403 (1965). The rights of confrontation and cross-examination "have ancient roots" which the "Court has been zealous to protect . . . . from erosion." *Id.*, at 404-05 (internal quotation omitted). The right to a trial by jury is predicated upon the belief "'that the 'evidence developed' against a defendant shall come from the witness stand in a public courtroom where there is full judicial protection of the defendant's right of confrontation, of cross examination, and of counsel.'" *Id.* at 405 (quoting *Turner v. State of Louisiana*, 379 U.S. 466, 472-73 (1965)).

The standard for evaluating Confrontation Clause claims in the instant petition is *Ohio v. Roberts*, 448 U.S. 56 (1980). While the Supreme Court overruled *Roberts* in *Crawford v. Washington*, 541 U.S. 36 (2004), *Crawford* does not apply retroactively to cases on collateral

review. *Whorton v. Bockting*, 127 S. Ct. 1173, 1183-84 (2007). Therefore, this Court must determine whether the state court's decision was contrary to *Roberts*. In *Roberts*, the Supreme Court held that a hearsay statement by an unavailable declarant is admissible if it bears "adequate indicia of reliability." 448 U.S. at 66. A statement bears "adequate indicia of reliability" if it: (1) falls within a "firmly rooted" hearsay exception, or (2) possesses "particularized guarantees of trustworthiness." *Id.*

      1.     Lavinia Peoples' Preliminary Examination Testimony

Prior to trial, the prosecutor filed a motion to admit the preliminary examination testimony of Lavinia Peoples. Petitioner, Angela Lee Barnes, James Deon Meredith, and Walter Moore were indicted by a grand jury for one count of conspiracy to deliver over 650 grams of cocaine. A preliminary examination was conducted as to defendants Barnes and Meredith on May 13 and 14, 1992. Lavinia Peoples testified at the preliminary examination. The charges against Barnes and Meredith were dismissed because the district court judge held that venue was improper in Oakland County.

A preliminary examination was held for the charge against Petitioner on January 12, 1993. Petitioner stipulated to the use of the transcript of the testimony adduced at the preliminary examination for the charges against Barnes and Meredith. Petitioner's attorney stated that Petitioner was waiving his right to confront the witnesses against him and his right to cross-examine those witnesses. The following colloquy ensued:

> Prosecutor:   Judge, with all that, I might ask additionally if it would inquire of Defendant that he understands he has the right to have witnesses presented against him and he has the right to confront those witnesses with his attorney.

6

|              |                                                                                                                                                                                                                                                                                      |
|--------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|              | So that in the event that this matter is reversed on appeal to the circuit court or the court of appeals or some other court of appellate jurisdiction that this Defendant knows that uh, this was the date for his preliminary examination, could have had these same witnesses brought before the Court, and they'd have given the same testimony. |
| Defendant:   | It is, your Honor.                                                                                                                                                                                                                                                                 |
| Court:       | Good afternoon. Are you Mr. Cecil Peoples.                                                                                                                                                                                                                                         |
| Defendant:   | Yes.                                                                                                                                                                                                                                                                               |
| Court:       | Okay. I don't know that it's necessary but to assure all the parties, the uh, stipulation that your attorney apparently has recommended to you or what your attorney has apparently recommended to you is that there be a stipulation, that means that there's an agreement that uh, the people who testified at the preliminary examination held back on– |
| Prosecution: | May 13 and May 14.                                                                                                                                                                                                                                                                 |
| The Court:   | --May 13 and 14th of 1992, their testimony could be used uh, in your preliminary examination without requiring those people to be recalled to testify again. Is that your understanding of what would be happening?                                                                |
| Defendant:   | That they could–                                                                                                                                                                                                                                                                   |
| The Court:   | That they could use that testimony that was given back on May 13 and 14 of 1992 as the testimony for your preliminary examination.                                                                                                                                                 |
| Defendant:   | Yes, your Honor.                                                                                                                                                                                                                                                                   |
| The Court:   | Those people wouldn't have to come back and testify again. So Mr. Roe's concerned that you understand that you do have a right to have witnesses come into court so they could testify in open court and you and your attorney can question them and you can observe their answers and the questions that are put to them. The right to confront witnesses, do you understand that? |
| Defendant:   | Yes, your Honor.                                                                                                                                                                                                                                                                   |
| The Court:   | And, in effect, you would be giving up that right by allowing this stipulated transcript to be used because there would be no– witnesses would be brought back in and you and your attorney wouldn't ask any |

7

|  |  |
|---|---|
|  | additional questions at the preliminary examination stage. Is that your understanding? |
| Defendant: | Yes, your Honor. |
| The Court: | Were there any promises or threats to get you to give up any of your statutory or constitutional rights? |
| Defendant: | No. |

(Defendant Peoples' Exam Transcript, 4-6) (emphasis added)

The district court judge then dismissed the charges against Petitioner finding that, while there was sufficient evidence to find that Petitioner was a co-conspirator, venue did not lie in Oakland County. The Michigan Court of Appeals reversed the district court's ruling finding that venue was appropriate in Oakland County and remanded the matter to the circuit court. *People v. Meredith* (*On Remand*), 209 Mich. App. 403 (1995).

The trial court denied the prosecutor's motion to admit the preliminary examination testimony of Lavinia Peoples. The prosecutor filed an interlocutory appeal. The Michigan Court of Appeals affirmed the trial court's decision. *People v. Peoples*, No. 201370, 1998 WL 1992510 (Mich. Ct. App. March 27, 1998) (unpublished). The prosecutor filed an application for leave to appeal to the Michigan Supreme Court. The Michigan Supreme Court granted leave to appeal, reversed the judgment of the Michigan Court of Appeals, and remanded to the circuit court. *People v. Peoples*, 459 Mich. 62 (1998).

The Michigan Supreme Court held that the admission of the testimony did not violate the Confrontation Clause because it bore adequate "'indicia of reliability . . . [by falling] within a firmly rooted hearsay exception [– former testimony].'" *Id.* at 68 (quoting *Roberts*, 448 U.S. at 66). Under Michigan (and federal) Rules of Evidence, former testimony is not excluded by the

8

hearsay rule if the party against whom the testimony is offered had an "opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." MRE 804(b)(1). The Michigan Supreme Court held that Petitioner had the opportunity and a similar motive to examine Lavinia Peoples at his preliminary examination, but "specifically waived the right to do so." *Peoples*, 459 Mich. at 67.

The Court finds that the state court's conclusion was not contrary to or an unreasonable application of Supreme Court precedent. Petitioner had the opportunity to cross-examine Lavinia Peoples. He chose not to do so after being informed by the court that if he failed to question her, her former preliminary examination testimony could be used against him. Petitioner's calculation that the Michigan appellate courts would affirm the trial court's decision that Oakland County was not the proper venue for his trial does not render his decision not to question her invalid. With the benefit of hindsight, his decision may have proved imprudent, but that does not weaken the conclusion that he had the opportunity and a similar motive to cross-examine her. Therefore, the Court denies habeas relief on this claim.

      2.      Dwayne Moten's Preliminary Examination Testimony

Petitioner also claims that his right of confrontation was violated when the trial court admitted Dwayne Moten's preliminary examination testimony. This claim was not raised on Petitioner's interlocutory appeal because it was not evident at that time that Dwayne Moten would invoke his Fifth Amendment privilege not to be compelled to be a witness against himself.

Dwayne Moten testified at the same preliminary examination proceeding during which Lavinia Peoples testified. On direct appeal, the Michigan Court of Appeals held that Moten's preliminary examination testimony was properly admitted for the same reasons that the Michigan

9

Supreme Court, on interlocutory appeal, found that Lavinia Peoples' preliminary examination testimony was properly admitted.

As explained above, this Court finds that the state court's decision that Petitioner had the opportunity and a similar motive to cross-examine Moten was not contrary to or an unreasonable application of Supreme Court precedent.

C.  **Police Officer's In-Court Identification Testimony**

Petitioner raises a second claim relating to his rights under the Confrontation Clause. Petitioner argues that Sheriff's Deputy George Ciofu testified that he searched Lavinia Peoples' vehicle after her arrest and found several photographs. Deputy Ciofu identified Petitioner in court as the person who Lavinia Peoples identified in the photograph to be her cousin. Petitioner argues that admission of Ciofu's hearsay testimony regarding Lavinia's identification of Petitioner violated his right of confrontation.

The Michigan Court of Appeals held that, while it was error to admit Ciofu's identification testimony, the error was harmless. The court stated:

> . . . Deputy Ciofu's testimony regarding Lavinia Peoples' identification of defendant was inadmissible hearsay.
>
> Defendant argues that the error cannot be harmless as a matter of law because his right to confrontation was implicated because this evidence was admitted without providing defendant the opportunity to cross-examine Lavinia Peoples. Assuming defendant's constitutional rights were implicated by the admission of Deputy Ciofu's testimony, the trial court committed preserved nonstructural constitutional error. Preserved nonstructural constitutional error is reviewed to determine whether the beneficiary of the error has established that it is harmless beyond a reasonable doubt.
>
> We conclude that the error in admitting Deputy Ciofu's testimony was harmless beyond a reasonable doubt. Identity was not a principal issue at trial. Neither defendant nor his codefendants raised a defense of mistaken identification or alibi.

10

> In the preliminary examination transcript read to the jury, Lavinia Peoples implicated her cousin, Cecil Peoples. Other evidence admitted at trial implicated Cecil Peoples. Defendant did not dispute the fact that his name was Cecil Peoples or that he was Lavinia Peoples' cousin. Furthermore, the photos that Lavinia Peoples relied upon to identify defendant were introduced into evidence and the jury was in a position to determine for itself whether defendant was the person in the photos. Even without the testimony regarding Lavinia Peoples' identification of defendant, there was sufficient evidence for the jury to infer that defendant was the "Cecil Peoples" referred to in the evidence. Identity of names is sufficient to raise a presumption of identity of person. . . . Under these circumstances, we conclude the prosecution has established that any error was harmless beyond a reasonable doubt.

*Peoples*, 2003 WL 21079823, at *1 (internal citation omitted).

Habeas relief is appropriate only if the Michigan Court of Appeals applied harmless-error review in an "objectively unreasonable" manner. *Lockyer v. Andrade*, 538 U.S. 63, 75-77 (2003); *see Eddleman v. McKee*, 471 F.3d 576, 582 (6th Cir. 2006). The Court finds that the state court's well-reasoned disposition of the harmless-error analysis was not objectively unreasonable. Accordingly, the Court denies relief on this claim.

### D.     Certificate of Appealability

The Court next addresses whether Petitioner's claims warrant the issuance of a certificate of appealability. Before Petitioner may appeal the Court's dispositive decision denying his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

"When a habeas applicant seeks permission to initiate appellate review of the dismissal of

11

his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDonnell*, 529 U.S. 473, 484 (2000).

The Court concludes that reasonable jurists would not find the Court's assessment of Petitioner's claims to be debatable or wrong. Accordingly, the Court holds that Petitioner is not entitled to a certificate of appealability.

### III. CONCLUSION

For the foregoing reasons, the Court hereby:

(1) **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus; and

(2) **DECLINES** to issue a certificate of appealability.

**SO ORDERED.**

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

DATE: 3-30-07
Detroit, MI